IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| MAJOR MIKE WEBB,<br><br>　　　Petitioner,<br><br>v.<br><br>BRYAN PORTER, *et al.*,<br><br>　　　Respondents. | Civil Action No. 1:23-cv-1346 |

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Respondents' Motions to Dismiss. Petitioner Webb initiated this litigation on October 3, 2023, and filed his Second Amended Verified Complaint on December 1, 2023, stylizing himself as Petitioner and Bryan Porter and the Circuit Court for the City of Alexandria as Respondents. Respondents filed separate Motions to Dismiss on December 21 and 22, 2023, and those motions are ripe for decision.

Webb brings this suit "in reference to the Dismissal Order of the Alexandria Circuit Court, dated September 13, 2023." That order dismissed Webb's state court litigation against Porter and imposed a pre-filing injunction. Apparently seeking to reverse that decision, Webb's five-count complaint seeks a variety of mandamus, declaratory, and injunctive relief.

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Subject-matter jurisdiction in federal court exists only where a federal question is presented, 28 U.S.C. § 1331, or when the parties

1

are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The plaintiff bears the burden of proving that the court has subject-matter jurisdiction over a case or claim. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Complaints filed by *pro se* plaintiffs are construed more liberally than those drafted by an attorney, Haines v. Kerner, 404 U.S. 519, 520 (1972); however, *pro se* plaintiffs must still prove that subject-matter jurisdiction exists.

The Rooker-Feldman doctrine precludes federal district courts' jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Parties seeking review of state-court judgments must appeal to "the state appellate courts, and eventually to the Supreme Court, not [to] federal district courts or courts of appeals." Jordahl v. Democratic Party of Va., 122 F.3d 192, 202 (4th Cir. 1997); see Hulsey v. Cisa, 947 F.3d 246, 249 (4th Cir. 2020) ("Among the federal courts, only the Supreme Court possesses the authority to exercise appellate jurisdiction over state-court judgments."). Rooker-Feldman compels dismissal when "(1) the federal court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by state-court judgments; (3) the state court judgment became final before the proceedings in federal court commenced; and (4) the federal plaintiff invites district court review and rejection of those

judgments." Willner v. Frey, 243 F. App'x 744, 746 (4th Cir. 2007) (cleaned up) (quoting Exxon, 544 U.S. at 284). Webb's complaint presents all four conditions.

First, Webb acknowledges that the circuit court dismissed his complaint and entered a pre-filing injunction on September 13, 2023. Second, Webb complains of injuries imposed by the "dismissal order and injunction imposed unlawfully against him." Third, the circuit court entered its September 13th order weeks before Webb initiated this case on October 3, 2023. And fourth, Webb seeks here to "appeal from an unlawfully imposed dismissal order[] and injunction" and asks the Court to "enjoin[] Porter and the Alexandria Circuit Court from enforcement of the unlawful [order]." Finding all four conditions met, the Rooker-Feldman doctrine denies this Court jurisdiction to review the circuit court's order and precludes Webb's suit. Accordingly, it is hereby

**ORDERED** that Respondents' Motions to Dismiss are **GRANTED**, and this case is **DISMISSED**.

Alexandria, Virginia
March 8, 2024

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE